## Case No. 17,669.

WILKINSON et al. v. BARNARD et al.

[9 Ben. 249.] [1]

District Court, S. D. New York. Nov., 1877.

### BANKRUPTCY—ENJOINING PROCEEDINGS IN STATE COURTS.

B. & Co. had possession of a sealed package which, and its contents, the wife of a bankrupt claimed to own. The trustees in bankruptcy claimed the package and its contents, as assets of the bankrupt, and notified B. & Co. of their claim. The wife brought a suit in a state court, against B. & Co., after demand and refusal, to recover damages for the conversion of the property. The trustees, having been refused permission, by the state court, to be substituted for B. & Co., as defendants, brought a suit in equity, in this court, against B. & Co. and the bankrupt and his wife, to obtain a determination as to the ownership of the package and its contents, and applied for an injunction to restrain the wife from prosecuting said suit in the state court, during the pendency of the suit in this court: *Held*, that the injunction should be granted.

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

In equity.

Davies, Work, McNamee & Hilton, for plaintiffs.

Man & Parsons, for defendants.

BENEDICT, District Judge. This action is brought by [Alfred Wilkinson and George C. Peters] trustees in bankruptcy against Samuel W. Barnard, one of the bankrupts, Cordelia C. Barnard, the wife of that bankrupt, and the members of the firm of Bound & Co., for the purpose of obtaining, at the hands of this court, a determination in respect to the ownership of the contents of a certain sealed package in the hands of the defendants Bound & Co., which package, the trustees in bankruptcy claim, contains property belonging to the bankrupt, Barnard, and forming part of the assets of the bankrupt's estate, but which the wife of the bankrupt claims belongs to her. Prior to the commencement of this action the trustees in bankruptcy notified Bound & Co., the depository of the package, that the same was claimed by them as trustees of Barnard, and forbade the delivery of the box to any other person. Mrs. Barnard also laid claim to certain securities and moneys alleged by her to be in the package and, her demand therefor on Bound & Co. having been refused, she brought a suit against Bound & Co., in the superior court of the city of New York, to recover damages for conversion of the property. Thereupon, the trustees in bankruptcy applied to the state court to be substituted as defendants in the action of Mrs. Barnard, and to be allowed to defend the same, which application was denied. This action was then instituted, and, all the parties thereto having duly appeared, it now comes before the court, upon an application for an injunction to restrain the defendant Cordelia C. Barnard from prosecuting her said action against Bound & Co., in the superior court, during the pendency of this action.

The propriety of granting such an injunction is strenuously disputed, as is also the power to grant it. The statement of the case, however, seems to me to be sufficient to show the propriety of enjoining the suit in the state court, provided this court has the power to do so. The defendants Bound & Co. make no claim to the ownership of the package, and are placed in the position of being required to defend two actions, simply because the trustees in bankruptcy claim to be entitled to the property as part of the assets of a bankrupt. This claim is one properly to be determined in this court, and it is, at least, doubtful whether any other court has jurisdiction to determine it. The present action is, therefore, properly brought, and, if so, equity would seem to require that the defendants here should not be compelled to litigate the same question in the tribunals of the state. Full authority, not only for the action, but also for the interposition of the

court to restrain the prosecution of the suit in the state court, is found in the case of Kellogg v. Russell [Case No. 7,666]. In that case there was an application for an injunction to restrain the prosecution of an action in a state court, brought by a third party, claiming to be the owner of certain property by transfer from the bankrupt, to recover damages of the marshal for the taking by the marshal of the property in dispute and delivering it to the assignee in bankruptcy. The application was made in an action brought by the assignee and the marshal against the bankrupt and his transferee, the plaintiff in the state court, to determine the validity of the claim of the transferee to be the owner of the property in dispute; and it was there held by Judge Woodruff, that such an action was properly instituted by the assignee in bankruptcy, and that the power to entertain it involved the power to employ an injunction to preserve the rights, interests and equities of all parties, and it was declared proper to restrain, by injunction, the suit in the state court, not with the direct object of protecting the marshal as an officer of the court, but because the prosecution of the suit in the state court, although in form a simple action for damages, proceeded upon a claim of property, which claim it was the right and duty of the assignee in bankruptcy to contest.

The distinction sought to be drawn between that case and the present, that there the property itself was involved, while here the action in the state court does not seek to disturb the possession of the property, is not seen to exist. In that case, as here, the action in the state court was to recover damages for the conversion of property. There, as here, the action sought to be restrained was brought by a third party, making claim to be the owner of property alleged to belong to the bankrupt. There, as here, the assignee brought an action in equity, to determine the title to the property, and there the action at law was restrained. The only difference between that case and this is, that here the property, instead of being seized by the marshal, has, by the notice of the trustees, been detained in the hands of a mere depository, and, consequently, the suit in the state court is against the depository instead of against the marshal. This circumstance creates no distinction. In principle, the cases are identical, and the decision of Judge Woodruff is an authority in support of the application under consideration.

If this action were instituted for the sole purpose of preventing a multiplicity of suits, the case would be different, and section 720 of the Revised Statutes would apply, but from that provision, as amended by the Revised Statutes, injunctions authorized by the bankrupt laws are expressly excluded. The injunction here sought is authorized by the law relating to proceedings in bankruptcy. The question involved relates to property claimed to be part of a bankrupt's estate; and the result of the proceeding instituted in the state court depends upon the same question. There can, therefore, be no doubt as to the power of the court to interfere by way of injunction. The case cited is decisive as to the propriety of exercising the power in this instance. I am, therefore, of the opinion that the plaintiffs are entitled to an injunction.

There is a slight irregularity in the practice, for the terms of the order to show cause are hardly broad enough to support an order for an injunction, but, as the argument on both sides has been principally addressed to the question of an injunction, that question has been considered. If, for any reason, it is desired by any of the parties to have this irregularity corrected, the correction can be made, and the entry of an order for the injunction will be delayed until a new order to show cause is obtained or a notice of motion is given.